UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
CARLOS VALENCIA, :
:
                         Petitioner, :   08 CIV 00298 (KMK)(MDF)
:
   -against- :   MEMORANDUM ORDER
:
WILLIAM BROWN, Superintendent, :
Eastern Correctional Facility, :
:
                         Respondent. :
------------------------------------------------------------X

MARK D. FOX, United States Magistrate Judge

     Carlos Valencia, a habeas petitioner challenging his July 27, 1998 conviction and April 5, 2005 re-sentencing in New York State Supreme Court, Sullivan County, has now twice made an application to this Court for the assignment of counsel pursuant to 18 U.S.C. § 3006A(g). Docket Nos. 3, 9. For the following reasons, the application is denied.

     Mr. Valencia's ("Petitioner") original habeas petition was received by the Court's Pro Se Office on November 9, 2007. On January 14, 2008, Chief Judge Wood directed Petitioner to submit an amended petition to address certain issues related to the timeliness of his claims and the length of his sentence. *See* Order, Jan. 14, 2008 (Docket No. 4). On March 10, 2008, in accordance with the 60-day filing deadline set forth in Judge Wood's Order, an amended petition bearing the same docket number was filed by Petitioner. This case was then reassigned to Judge Karas and referred to me.

     Petitioner was convicted of the criminal sale of a controlled substance in the first degree, a Class A-1 felony, and conspiracy in the second degree, a Class B felony. Am. Pet. ¶ 5. On April 5, 2005, Petitioner was re-sentenced to consecutive terms of 10 years with respect to the

first count and eight and one-third to 25 years on the second count. *Id.* ¶ 12(a)(6). Petitioner now raises six grounds in support of his habeas petition: (1) prosecutorial misconduct; (2) deprivation of due process based on an erroneous jury charge; (3) convictions against the weight of the evidence; (4) excessive and illegal original sentence; (5) excessive re-sentence; and (6) the interest of justice requires the re-sentence to be modified. *Id.* ¶ 13.

The standard applicable to a civil indigent's application for appointment of counsel also applies to a federal habeas petitioner. *See, e.g., Frazier v. Wilkinson*, 842 F.2d 42, 46-47 (2d Cir. 1988), *cert. denied*, 488 U.S. 842 (1988); *Buitrago v. Scully*, 705 F. Supp. 952, 957-58 (S.D.N.Y. 1989). As evidence of their broad discretion in disposing of applications for appointed counsel, the Second Circuit has instructed district courts to first evaluate the likelihood of success on the merits of the petitioner's claims. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). If the application meets the threshold requirement, the district court should further consider "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989); *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).

Petitioner states in his most recent application that he requested a lawyer from The Legal Aid Society but was told that counsel would have to be appointed by the Court. Pet.'s App. for

Counsel, Apr. 7, 2008 (Docket No. 9). He claims that he needs a lawyer because of his age, his vision, his inability to read or write English, and because of the complexity of the issues presented in this case. *Id.* Nevertheless, the papers submitted by Petitioner raise substantive legal issues (in typewritten English), all of which were fully briefed by Petitioner's appellate counsel. With respect to Mr. Valencia's likelihood of success, moreover, his petition – as noted by Chief Judge Wood – may very well be time-barred under 28 U.S.C. § 2244. *See* Order, Jan. 14, 2008.

Ordinarily, a federal habeas court does not assign counsel unless a hearing is contemplated. *Ramirez v. Attorney General, et al.*, No. 99 Civ. 1909, 1999 WL 893467, at *2 (S.D.N.Y. Oct. 18, 1999) ("If no evidentiary hearing is necessary, the appointment of counsel is not warranted."). Upon preliminary examination of Mr. Valencia's submissions, the Court anticipates that the grounds raised by Mr. Valencia in support of his petition can be properly addressed and decided on the papers presented. *See Gonzalez v. Hoke*, No. 91 Civ. 9952, 1991 WL 130894, at *4-5 (S.D.N.Y. July 8, 1991); *Dennis v. Henderson*, No. 88 Civ. 0693, 1989 WL 2715, at *1-2 (S.D.N.Y. Jan. 9, 1989). Accordingly, the exercise of discretion does not favor appointment of counsel at this time.

In the event the Court determines that a hearing is necessary for resolution of the grounds raised in the petition, the Court will arrange for appointment of counsel prior to holding that hearing.

IT IS SO ORDERED.

Dated: May 6, 2008
White Plains, New York

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum Order have been sent to the following:

The Honorable Kenneth M. Karas

Carlos Valencia (98-A-4551)
Eastern Correctional Facility
Box 338
Napanoch, NY 12458-0338

District Attorney of Sullivan County
Sullivan County Courthouse
414 Broadway
Monticello, New York 12701

4